216 A.2d 507.

STATE *vs.* ARAM K. BERBERIAN.

FEBRUARY 2, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

414

ROBERTS, C. J. This criminal complaint charges that the defendant operated a motor vehicle on Dorrance street in the city of Providence "in violation of the Traffic Regulations of the City of Providence, to wit, did make an illegal turn into Fulton Street." After being found guilty as charged in the district court, the defendant appealed to the superior court. There he demurred to the complaint on the grounds, first, that it alleges a conclusion without setting out supporting facts and, second, that it is duplicitous. The demurrer was overruled, and the case was tried to a justice of the superior court without the intervention of a jury. The defendant was found guilty and is now before this court prosecuting a bill of exceptions.

The state urges that defendant's contention that the court erred in overruling his demurrer is not before us, the record failing to disclose that he took any exception to that ruling. There is merit in this contention. No citation of authority is necessary to establish that the long-standing

practice in this state requires counsel to show on the record that an exception was taken to any challenged ruling if it is to be reviewed by this court. The necessity for an exception of record appearing where the validity of the ruling on a demurrer is involved is clearly implied in G. L. 1956, §9-24-24.

The defendant's contention, however, is without merit, in our opinion, were the issue properly before us. The question in the instant case is whether the complaint is sufficient to inform defendant of the offense with which he is therein charged. We are not confronted with the question of constitutional infirmity arising out of the vagueness or indefiniteness with which an offense is described in the statute creating it. The law peculiarly applicable to the instant case, in our opinion, is that set out in *State* v. *Scofield,* 87 R. I. 78. In *State* v. *Brown,* 97 R. I. 115, 196 A.2d 133, we specifically noted that a defendant may, where a complaint otherwise constitutional alleges an offense in general terms, seek clarification as to the nature thereof by means of a bill of particulars as provided in §12-12-9.

The defendant presses an exception taken to the court's overruling of his objection to an inquiry in which a witness was asked: "* * * what do you do for a living?" The record discloses a substantial discussion between the court and counsel concerning this question, the materiality of which we are unable to perceive. However, were it to be conceded that error inhered in overruling an objection to a question so obviously irrelevant to the issues in the case, we are fully persuaded that such error in no manner prejudiced defendant, and, therefore, the exception is overruled.

The defendant challenges the constitutionality of the enabling legislation, P. L. 1948, chap. 2067, as an attempt to delegate power to an administrative agency without prescribing norms and standards for its exercise by that agency. He contends further that in prescribing in the ordinance creating the agency penalties for the violation of traffic

regulations, the city council is acting in excess of the powers conferred upon it by the enabling act. These contentions, in our opinion, reflect a basic misconception of the nature of the enactments under consideration.

That legislation confers upon the city council in express terms power to establish a traffic engineering department, requiring the head thereof to be "a qualified traffic engineer" appointed by the mayor subject to the approval of the city council. It further authorizes the city council to provide in the ordinance for such traffic engineer "to make all needful rules and regulations for the regulation and control of traffic in said city" and, without limiting the general power therein conferred, specifies a number of areas in which the traffic engineer is authorized to exercise this rule-making power.

It is our opinion that the legislation under consideration contemplates a delegation of authority to the city council and not to the agency to be created pursuant to an ordinance enacted by the city council. The precise authority conferred is to enact an ordinance that will provide for an exercise of the police power of the municipality to bring about a furtherance of the public interests in the effective control of the use of its highways by vehicular traffic. We cannot agree that the act is lacking in standards sufficient to protect its constitutionality. As we have noted, the agency head must be a qualified traffic engineer, and the rules which he is authorized to promulgate must be "needful" for the regulation and control of traffic. We are fully persuaded that these provisions establish as a test for the validity of the action of the engineer a rule of reason. In short, it is our conclusion that this legislation enables the municipality to create a mechanism through which it can procure and employ the services of those who have acquired an expertise in the solution of traffic problems to the end that the public convenience and safety may be furthered.

Neither do we perceive any merit in defendant's conten-

tion that the city council exceeded its authority in prescribing in the ordinance penalties for violations of the regulations promulgated by the traffic engineer. It is true, as defendant argues, that the enabling act contains no specific authorization for prescribing penalties. But it does not follow that the city council is also without authority to provide penalties for violation of such regulations. Section 45-6-2 provides that city councils, having enacted ordinances and regulations, "may impose penalties for the violation of such ordinances and regulations * * * unless other penalties therefor, or penalties within other limits, are specially prescribed by statute * * *."

The power thus conferred upon municipal legislatures to provide penalties to enforce ordinances and regulations enacted by them is, in our opinion, sufficient authority for the enactment of penalties in the ordinance creating the traffic engineer's office in the instant case. The omission from the enabling legislation creating the office of a specific vesting of authority in the traffic engineer to provide for such penalties in its regulations clearly indicates that the legislature was aware of the provisions of §45-6-2 and considered them an adequate source of power for providing penalties designed to enforce the regulations established by the traffic engineer.

The defendant has also pressed exceptions to the admission of testimony of the traffic engineer as to the content of the regulations and to the admission of certain documentary evidence including a copy of a publication of the regulations in a newspaper of general circulation in the state. He here misconceives the effect of the introduction into evidence of the state's exhibits 1 and 2, each of which is probative of a publication of the regulations in question. General laws 1956, §9-19-1, provides: "* * * the published ordinances of any city or town in this state, shall be admitted in all the courts of this state as prima facie evidence of the laws * * * or ordinances of the city or town * * *."

This section, in our opinion, applies to the publication of regulations enacted pursuant to an authorization contained in an ordinance, and when such regulations are so published, the introduction of a copy thereof is prima facie evidence of the contents thereof.

Because we take this view, we cannot agree that error inhered in the admission of the testimony or documentary evidence relating to the content of the regulations. We are persuaded that the introduction of state's exhibits 1 and 2 made a prima facie case of the content of the ordinance and that the state was under no further burden to prove the ordinance. The fact is that the burden of going ahead with evidence to negative the regulations was on the defendant, a burden which he did not meet.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* pro se, defendant.