257 A.2d 784.

STATE *vs.* HOWARD F. COLE.

OCTOBER 24, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.  This criminal complaint charges that the defendant operated a motor vehicle on Acorn Street in the city of Providence "* * * in violation of the Traffic Regulations of the City of Providence, to wit, did make an illegal turn into Promenade Street." The defendant was found guilty in the district court and thereafter appealed to the superior court. The matter was tried to a justice of the superior court without the intervention of a jury, and the defendant was found guilty as charged in the complaint. He is now in this court prosecuting a bill of exceptions.

Here defendant contends that it was prejudicial error to admit into evidence over his objection certain documents offered by the state to prove the qualification as city traffic engineer of one Roger T. Chandler and his promulgation of a traffic regulation prohibiting left turns from Acorn Street into Promenade Street.

The first of these, state's exhibit 2, was a document signed by the then mayor of the city of Providence, Walter H. Reynolds, certifying that he had administered the pre-

scribed oath of office unto Roger T. Chandler, who had been "duly appointed to the office of Traffic Engineer." The second such exhibit, state's number 3, sets forth a regulation prohibiting northbound traffic on Acorn Street from making a left turn into Promenade Street and establishing such regulation for the control of traffic on Acorn Street. The third such exhibit, state's number 4, is a certified copy of an advertisement published in a newspaper of general circulation promulgating the regulation prohibiting northbound traffic on Acorn Street from turning left into Promenade Street.

The defendant contends without contradiction that the ordinance providing for the creation of the office of traffic engineer requires that such official be appointed by the mayor and that such appointment be confirmed by the city council. He proceeds to argue that there is no evidence in the record tending to establish either the appointment of Chandler to the office by the mayor or his confirmation by the city council. This being so, he contends, it was error to admit state's exhibits 3 and 4 because the state has not proved that Chandler was vested with the powers of the office of traffic engineer when he promulgated the regulation under consideration.

There is no merit in defendant's contention. The legislature provided in G. L. 1956, §9-19-1, that "* * * the published ordinances of any city or town in this state, shall be admitted in all the courts of this state as prima facie evidence of the laws * * * or ordinances of the city or town, under whose authority they respectively purport to have been published." In *State* v. *Berberian*, 100 R. I. 413, 216 A.2d 507, we held that this statute has application to regulations promulgated pursuant to an authorization contained in an ordinance, and that regulations so published are admissible in evidence as prima facie evidence of the law of the city or town.

We are of the opinion that the legislature obviously intended, in enacting this statute, to promote the prompt administration of justice by simplifying the procedure required to prove the law of a city or town within this state. We find inescapable the conclusion that the legislature intended to relieve the state of the necessity for introducing evidence to establish the validity of the enactment or promulgation of such ordinances or regulations.

State's exhibits 3 and 4 comprise a certified copy of the published regulation, which clearly was admissible as prima facie evidence of the law of Providence and of the fact that it had been validly promulgated. In these circumstances, while the burden of proof did not shift, it became the defendant's obligation to go forward with evidence tending to rebut the prima facie case made by the introduction of the published ordinance. In the absence of evidence tending to establish that the promulgation of the regulation was invalid for want of authority in Chandler, the court properly relied upon the prima facie evidence adduced to determine what the regulation was. It is clear from the record that the defendant made no effort to rebut the prima facie evidence thus adduced by the state. It is our opinion then that no error inhered in the ruling admitting state's exhibits 3 and 4 into evidence.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, *Luc LaBrosse,* Special Assistant Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.