289 A.2d 434.

IN RE THREE MINOR CHILDREN.

APRIL 7, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

12

Roberts, C. J. These petitions were filed on April 9, 1970, by the Child Welfare Services, a division of the Department of Social Welfare, praying that it be awarded custody of three minor children of the appellant, at that time aged 9, 10, and 12 years, as neglected children. Later the mother, hereinafter referred to as the appellant, on May 18, 1970, moved in the Family Court to dismiss the petitions, which motion, after hearing, was denied on June 4, 1970. Subsequently the Family Court held a further hearing on the petitions, found the children to be neglected, and ordered them into the custody of the Child Welfare Services. Thereafter, the appellant prosecuted an appeal to this court only from the denial of her motion to dismiss each of the petitions.

In each of the petitions the Child Welfare Services, hereinafter referred to as the petitioner, alleged that "* * * the said child is neglected due to lack of proper parental care and guardianship * * * ." The petitions contain no further allegations as to the facts and circumstances that petitioner contends constituted neglect. In prosecuting her appeal, appellant contends that the petitions violate the due process clause of the fourteenth amendment of the Constitution of the United States in that they do not provide adequate notice of the charges to which she was required to respond and that the petitions do not contain the factual allegations she contends are required to be set out therein under G. L. 1956 (1969 Reenactment) §14-1-12.

In each petition, petitioner alleges a conclusion that one of the children is "a neglected child" and in support of that conclusion further alleges the fact that "* * * the said child is neglected due to lack of proper parental care and guardianship * * *." The statute, §14-1-3(H), defines a neglected child as one "who has not the proper parental care or guardianship."

In other words, we think that appellant's contention that each petition alleges only a conclusion is without merit, the conclusion being that the children are neglected and the allegations as to lack of proper parental care and guardianship being allegations of fact in support of that conclusion. It is our opinion that the notice, then, is such as would be " "* * * reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Cugini* v. *Chiaradio*, 96 R. I. 120, 126, 189 A.2d 798, 801 (1963), citing *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), and *Schroeder* v. *City of New York*, 371 U. S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). *See also Zeigler* v. *Masterson*, 109 R. I. 337, 284

A.2d 584 (1971). We conclude that the instant petition makes an adequate disclosure of the facts supporting the charge against which appellant must defend and, therefore, is not violative of the constitutional concept of procedural due process.

Without intending to extend this discussion as to the effect of the availability of a bill of particulars on the adequacy of the petition and the adequacy of the notice set out in the petition, we are unable to perceive that *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413, 424-26, 35 S.Ct. 625, 629-30, 59 L.Ed. 1027, 1031-32 (1915), is in point here. In the instant case it is our view that the notice is sufficient in the constitutional sense and that a bill of particulars in such circumstances is an appropriate supplement to clarify the issues for the parties. *State* v. *Berberian,* 100 R. I. 413, 415, 216 A.2d 507, 510 (1966); *State* v. *Brown,* 97 R. I. 115, 121, 196 A.2d 133, 137 (1963).

We turn, then, to appellant's further contention that each petition should have been dismissed for failure to comply with the essential requirements of §14-1-12.[1] That section provides generally as to the form and contents of the petition to be used in these situations and includes a requirement that "[t]he petition shall state plainly the facts which bring said child within the provisions of this chapter * * *." We are of the opinion that the language of

---

[1]Section 14-1-12 reads as follows:

"The petition shall state plainly the facts which bring said child within the provisions of this chapter, and shall set forth the name, age and residence

"(a) of the child, (b) of his parents, (c) of his other legal guardian, if there be one, (d) of the person or persons having custody or control of the child, and (e) of the nearest known relative, if no parent or guardian can be found.

"If any of the facts herein required are not known by the petitioner, the petition shall so state.

"The proceeding shall be entitled, 'In the matter of a child under eighteen (18) years of age.' "

§14-1-12 indicates clearly a legislative intent to give parents charged with neglect of their children a greater specification of the evidentiary facts upon which the court is exercising its jurisdiction than would be required by the procedural due process clause of the Constitution of the United States.

It is obvious that in these situations involving the integrity of the family unit the Legislature intended to shield both the parent and the child from arbitrary bureaucratic action. This was to be accomplished by the conduct of a preliminary investigation and with a report of the findings thereof and the grounds upon which the court exercises its jurisdiction over the child stated for the record. Section 14-1-10 of the statute provides for such preliminary investigation when the court comes into possession of information that the child is within the provisions of the chapter. Under that section it has the duty "* * * to make preliminary investigation to determine whether the interests of the public or of the child require that further action be taken, and to report its findings together with a statement of the facts to the judge."

In other words, the statute precludes an exercise of the jurisdiction of the court under the provisions of this chapter until a judge thereof has been provided with findings on preliminary investigation and a statement of the facts upon which the jurisdiction of the court rests. Only then may the judge determine that formal jurisdiction should be acquired, and when he does this on the basis of the preliminary findings of fact, §14-1-11 provides, in part, that "he shall authorize a petition to be filed."

We think that the requirement of §14-1-12 is satisfied when there has been such an investigation and such a report to a judge of the facts upon which the jurisdiction rests has been made a part of the record in the case. There is no doubt but that such a preliminary investigation was

made in the instant case and that the statement of facts upon which jurisdiction rests was furnished to the judge. An examination of the record discloses that such a statement of facts is there and contains in substantial detail the specific acts of conduct on the part of appellant which support the exercise of the court's jurisdiction.

It is true that the statement of facts was not physically attached to the petition served on the appellant. We do not think that the Legislature ever contemplated that such factual statements given to the judge would be physically attached to the notice or petition served on the appellant. The Legislature, in our opinion, contemplated only that the providing of the judge with such a statement of facts was a part of the petitioning procedure and that its availability in the record for examination by either a party to such an action or counsel to such a party is sufficient to satisfy the requirement of §14-1-12. We conclude, then, that the court did not err in denying the appellant's motion to dismiss the petition in each case.

The appeal of the appellant in each case is denied and dismissed, and the judgment appealed from is affirmed

Petition for reargument denied.

*Harold E. Krause, Jr.,* Rhode Island Legal Services, Inc. for appellant.

*Richard J. Israel,* Attorney General, *Alexander G. Teitz,* Special Assistant Attorney General, for appellee.