**In re R. J. P.**

**No. 80–525–M.P.**

Supreme Court of Rhode Island.

May 14, 1982.

John Edward Farley, Providence, Chief Legal Counsel, Dept. for Children and Their Families, for petitioner.

Michael D. Coleman, Child Advocate, Providence, Patricia M. Beede, Rhode Island Legal Services, Inc., Newport, for respondent.

OPINION

MURRAY, Justice.

On August 8, 1980, Michael D. Coleman, in his capacity as the Child Advocate of the State of Rhode Island (the Child Advocate), filed a motion with the Family Court. The motion requested that a preliminary investigation be made to determine whether or not the Family Court should authorize the Child Advocate to file a petition alleging that R.J.P. is a dependent, neglected, and/or abused child. The motion was objected to by the Department for Children and Their Families (DCF).

At the time the motion was filed, a trial justice of the Family Court scheduled the matter to be heard on August 13, 1980. On that date the trial justice continued the hearing to September 10, 1980. Finally, the motion was heard by another justice of the Family Court. In the decree entered in the Family Court, the trial justice found that

the Child Advocate was authorized to file petitions alleging that a child is dependent, neglected, and/or abused. On September 11, 1980, the Child Advocate, in accordance with such decree, filed a petition with the Family Court alleging that R.J.P. was dependent, neglected, and/or abused. The matter was scheduled for trial on January 26, 1981.

While the matter was awaiting trial, DCF filed a petition for a writ of prohibition with this court. We treated the petition for a writ of prohibition as a petition for certiorari. We issued the writ of certiorari, *In re R. J. P.*, R.I., 425 A.2d 86 (1981), and stayed the proceedings in the lower court.

The sole issue before this court is whether the Child Advocate is an "appropriate person" for furnishing information that leads to a preliminary investigation by the Family Court pursuant to the terms of G.L.1956 (1969 Reenactment) § 14–1–10 [1] and for filing a petition alleging that a child is dependent, neglected, and/or abused pursuant to the terms of § 14–1–11, as amended by P.L.1977, ch. 67, § 1.[2]

Section 14–1–3(I), as amended by P.L. 1980, ch. 291, § 1, lists a number of "appropriate persons" for purposes of §§ 14–1–10 and 14–1–11 that apply in all matters except those relating to child marriages and adoptions. The "appropriate persons" are listed as follows:

"1. Any police official of this state, or of any city or town within this state; or

"2. Any duly qualified prosecuting officer of this state, or of any city or town within this state; or

"3. Any director of public welfare of any city or town within this state, or his duly authorized subordinate; or

"4. Any truant officer or other school official of any city or town within this state; or

"5. Any duly authorized representative of any public or duly licensed private agency or institution established for purposes similar to those specified in § 8–10–2 or 14–1–2; or

"6. Any maternal or paternal grandparent who alleges that the surviving parent, in those cases in which one (1) parent is deceased, is an unfit and improper person to have custody of any child or children." Section 14–1–3(I).

Our task in the present case is clear. Our function is to ascertain the intent of the Legislature and to effectuate that intent whenever it is within legislative competence. *Great American Nursing Centers, Inc. v. Norberg,* R.I., 439 A.2d 249, 252 (1981); *Gott v. Norberg,* R.I., 417 A.2d 1352, 1356 (1980); *Vaudreuil v. Nelson Engineer-*

1. General Laws 1956 (1969 Reenactment) § 14–1–10 provides:

  "Preliminary investigation on information furnished to court.—Whenever any appropriate person shall give to the court information in his possession that a child is within the provisions of this chapter, it shall be the duty of the court to make preliminary investigation to determine whether the interests of the public or of the child require that further action be taken, and to report its findings together with a statement of the facts to the judge. Such inquiry shall include a preliminary investigation of the home and environmental situation of the child, his previous history and the circumstances which were the subject of the information. To avoid duplication of effort and to take full advantage of all existing facilities, the report of any public agency, or of any private social agency licensed by the department [for children and their families], may be accepted by the court as sufficient evidence for the filing of a petition."

2. Section 14–1–11 in pertinent part provides:

  "Authorizing and filing petition.—If a justice of the family court shall determine that such formal jurisdiction should be acquired he shall authorize a petition to be filed. In the event that said justice shall authorize a petition to be filed, any appropriate person having knowledge, information or belief of the material facts that appear to warrant such a petition may be a petitioner under this chapter and as such shall not be required to give recognizance or surety for costs. Said petition shall be directed to the family court of the state of Rhode Island, setting forth that in the opinion of the petitioner such child is a delinquent, wayward, dependent or neglected child, or otherwise comes within the provisions of this chapter, as the case may be, and requires the care and protection of the state * * *."

*ing and Construction Co.*, R.I., 399 A.2d 1220, 1222 (1979).

Although the Child Advocate is not specifically listed by designation in § 14–1–3(I), he is the head of an agency which meets the requirements set forth in § 14–1–3(I)(5). It is clear that the Office of Child Advocate was established for purposes similar to those specified in G.L.1956 (1969 Reenactment) §§ 8–10–2 and 14–1–2. Therefore, we are of the opinion that the Legislature intended to include the Child Advocate among those who can bring information to the Family Court to initiate a preliminary investigation and those who can file a petition alleging that the child is dependent, neglected, and/or abused. Thus, the Child Advocate is an "appropriate person" for purposes of §§ 14–1–10 and 14–1–11. We reach this conclusion by relying upon the history of the statute and the reasons for the creation of the Office of the Child Advocate. We note that the Child Advocate is required by the Legislature "[t]o take all possible action * * * to secure and ensure the legal, civil and special rights of children * * *." General Laws 1956 (1977 Reenactment) § 42–73–7(6), as enacted by P.L.1979, ch. 248, § 2. Also, the Legislature has specifically stated that the Child Advocate in performing his duties, one of which is the bringing of formal legal action on behalf of children, must act independently of DCF. Section 42–73–5. The trial justice therefore did not err in allowing the Child Advocate to file a petition alleging that R.J.P. was a dependent, neglected, and/or abused child.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decree entered in the Family Court is affirmed, and the papers certified to this court are ordered returned to the Family Court for further proceedings consistent with this opinion.