Donald DESMOND

v.

Christine BRENNAN.

No. 93–87–M.P.

Supreme Court of Rhode Island.

April 5, 1994.

Nicholas L. Colangelo, Providence, for plaintiff.

Francis J. Murray, Jr. (Asquith, Merolla, Anderson, Archetto & Kane), Providence, for defendant.

## OPINION

SHEA, Justice.

This matter came before the Supreme Court pursuant to our granting a petition for the issuance of a writ of certiorari to determine the validity of several orders entered in the Family Court.

The plaintiff in this case, Donald Desmond, filed a miscellaneous petition for a psychological evaluation of his two children, himself, and defendant, Christine Brennan, the mother of his two children. The petition was filed under Rule 35(a) of the Rules of Procedure for Domestic Relations.[1] The petition stated

---

1. Rule 35(a) of the Rules of Procedure for Domestic Relations states:

   "In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in custody or under the legal control of a party, is in controversy, the court may order the party to submit to a physical or mental or blood examination by a physician or to produce for such examination the party's agent or the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time,

that on or about October 5, 1992, an allegation was made to the hotline of the Department of Children, Youth and Families (DCYF) that his two minor children, a son and a daughter, had been sexually molested. As a result of that complaint an investigation was conducted by a Child Protector Investigator (CPI) for DCYF of both parties, the children, and Kevin Coffey (Coffey), the children's counselor at the East Side Center, Inc. The children allegedly told Coffey that Eni Desmond, their step-mother, had inappropriately touched them while giving them piggyback rides. The petition also alleged that the CPI told plaintiff that he was going to indicate that the abuser was an unknown perpetrator on the basis of the children's inconsistent statements and the numerous people who had access to the children. The CPI later informed plaintiff that his wife would be indicated as the perpetrator of the inappropriate touching. The petition further alleged that the CPI recommended that DCYF conduct a further investigation because of the children's inconsistent statements.

In his petition plaintiff asked the court to order a particular doctor of his choice to conduct an independent evaluation to determine whether the children had any past or present abnormal mental conditions. He asserted that the requested evaluation was an important factor to determine whether he was able to care for the children and whether defendant should retain sole custody. He also asked the court to investigate defendant's living conditions to determine the children's safety, security, and emotional well-being.

The plaintiff further alleged that the continuing custody by defendant could result in an impairment to the children's physical health and emotional development. The plaintiff alleged that defendant had failed to provide proper care for the children and that her conduct was detrimental to their upbringing. The plaintiff also asserted that this independent evaluation would assist in the defense of allegations that his current

place, manner, conditions, and scope of the examination and the person or persons by

wife had sexually molested the children. Finally he alleged that defendant had denied him his visitation rights.

A conference was held in the chambers of a general master at the Family Court with the principals and their attorneys on February 4, 1993, and no reporter was present. No record was prepared of this chambers conference. An in-court gathering occurred on February 8, 1993. At that time the attorney for defendant stated that he wished to present testimony by the children's counselor. The counselor would testify that a psychological examination of the children would seriously impair the progress that the children had made in the counseling sessions. The master refused to hear any testimony and, without a hearing, ordered that the children be placed in temporary custody of DCYF. He further ordered one Joann Costanzo, a friend of defendant's, to have no contact with the children. The master granted plaintiff's Rule 35 motion for psychological examination, then stayed all orders pending this court's ruling on defendant's appeal. The defendant promptly filed a petition for issuance of a writ of certiorari, which was granted.

The issues before us are (1) whether an order of the Family Court is invalid if it changes the custody of minor children from their natural mother to DCYF without any petition filed by an appropriate person, without proper notice, and when there is no testimony that an emergency existed; (2) whether such an order deprived defendant of her custody rights without due process; and (3) whether an order for a psychological examination should be vacated because the master refused to hear testimony from the children's treating therapist that such an examination would not be in the best interests of the children. We respond to all the above in the affirmative.

■ The Rhode Island General Laws establish the proper procedure that must be followed before a court can commit a child to DCYF custody. The law requires the court to order an investigation whenever an "ap-

whom it is to be made."

propriate person" gives the court information that a child is neglected or dependent upon the state for his or her own safety and security. G.L.1956 (1981 Reenactment) § 14–1–3(I), as amended by P.L.1989, ch. 542, § 9; § 14–1–5; § 14–1–10, as amended by P.L.1985, ch. 98, § 1. The General Laws provide a list of who is an "appropriate person." Section 14–1–3(I). The list includes police officers, prosecuting officers, public welfare directors, school officials, and other such people associated with various agencies within the state. *Id.* This court has reviewed the legislative intent behind the law in defining "appropriate person" in *In re R.J.P.,* 445 A.2d 286 (R.I.1982). We held that the Child Advocate, although not specifically listed in § 14–1–3(I), was in fact an appropriate person to bring information to the Family Court so that the Family Court could go to the next step in the formal proceeding. *In re R.J.P.,* 445 A.2d at 288. The court found that the Child Advocate, in performing his or her duties, one of which is bringing formal legal action on behalf of children, must act independently of DCYF. There was no Child Advocate acting in the present case. Clearly no appropriate person was acting in this case.

After a petition is appropriately filed, the court must proceed with its factfinding mission. The court will take evidence by way of a hearing with testimony. Section 14–1–12 is "satisfied when * * * an investigation and * * * report to a judge of the facts upon which the jurisdiction rests *has been made a part of the record* in the case." (Emphasis added.) *In re Three Minor Children,* 110 R.I. 11, 15, 289 A.2d 434, 436 (1972). None of that happened in this case.

 The importance of family security and parents' rights to custody and care of their children is well recognized. *See id.* These rights must be protected and can be disturbed only when the statutory procedures are followed. In every instance the actions of the general master were inappropriate. Such major decisions, based on unrecorded conversations in chambers, regardless of who was present, cannot be allowed. The master himself stated that it would be difficult for the Supreme Court to review his

actions because there was no record. Yet he went ahead and ordered custody changed, ordered the requested examination, and ignored serious assertions that these actions would be harmful. The only petition before the court was for a psychological examination. The defendant's due-process rights were violated by the abrupt change of custody, in the absence of any apparent emergency and without required notice.

As to the order restraining the defendant from allowing a certain person to be with the children, in the absence of any record that would justify it, the order must fail with the others.

For all these reasons the petition for certiorari is granted, the orders entered by the special master are quashed, and the papers of the case are remanded to the Family Court with our opinion endorsed thereon for further proceedings consistent with applicable law.